683 So.2d 853 (1996)
STATE of Louisiana,
v.
Morris COMPTON.
No. 96-K-2176.
Court of Appeal of Louisiana, Fourth Circuit.
October 23, 1996.
*854 Harry F. Connick, District Attorney of Orleans Parish, Kevin J. Gillie, Assistant District Attorney of Orleans Parish, New Orleans, for the State of Louisiana.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
The defendant was convicted in 1984 for purse snatching (La.R.S. 14:65.1) and in 1993 for theft (La.R.S. 14:67). On July 2, 1996, the defendant pleaded guilty to possession of a stolen vehicle valued at $500 or more (La. R.S. 14:69) and access device fraud (La.R.S. 14:70.4). On September 25, 1996, he was adjudicated a third offender. The minimum sentence mandated by the Habitual Offender Law (La.R.S. 15:529.1) for this defendant is life imprisonment without parole. The trial judge, however, sentenced the defendant to serve concurrently eight years at hard labor on count one and two years at hard labor on count two, citing State v. Dorthey, 623 So.2d 1276 (La.1993).
The trial judge reiterated the boilerplate language of the jurisprudence to find that the mandatory minimum sentence would make no measurable contribution to the acceptable goals of punishment and would amount to nothing more than a purposeful imposition of pain and suffering, which would be grossly out of proportion to the severity of the crimes to which he pleaded guilty. The trial judge justified departing from the statutory mandatory minimum sentence with the facts that the defendant pleaded guilty, that one of the predicate offenses occurred over ten years prior in 1984, and that the predicate purse snatching offense was not a serious offense.
The Louisiana Supreme Court responded to the legislature's grant of discretion to district attorneys to file multiple offender bills leading to severe mandatory minimum sentences for felony recidivists by granting trial judges the discretion to deviate from mandatory minimum sentences but neglected to give any greater guidance in the exercise of that discretion than a vague standard adapted from State v. Lobato, 603 So.2d 739, 751 (La.1992), and State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991): "[A] punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." This standard cannot be satisfied by its recitation alone or by any other boilerplate language. This Court will not uphold a trial judge's discretion to deviate from a legislatively mandated minimum sentence without a record that contains a searching inquiry into and a meaningful assessment of exceptional facts and circumstances that justify the exercise of judicial discretion in a particular case. Some significant facts and circumstances in this context include family history, prior criminal conduct in light of whether it was violent or nonviolent and whether it was similar or dissimilar to the conviction for which the defendant is being sentenced, other aggravating and mitigating circumstances such as those provided in Code of Criminal Procedure article 894.1, and the impact of the crimes upon the victims. A record that reflects that a sentence was imposed after careful consideration of a particular defendant and the facts of the exceptional case in light of such concerns as these will support a trial judge's discretion under Dorthey to depart from a minimum sentence mandated by the Habitual Offender Law.
The reasons for sentencing in the instant case do not reflect a sufficiently searching inquiry into the facts and circumstances to justify departing from the mandatory minimum sentence of the Habitual Offender Law for this particular defendant. Accordingly, the defendant's multiple bill sentence is vacated and the matter remanded for resentencing.
WRIT GRANTED.