JiCIACCIO, Judge.
On the application of the State of Louisiana, we grant certiorari to review the correctness of the trial court’s sentencing of the defendant to ten years as a second felony offender rather than the statutorily mandated minimum sentence of fifteen years.
Donnell Louis was charged by bill of information on August 7, 1996, with two counts of possession of cocaine with intent to distribute, violations of La. R.S. 40:967(B)(1), and pleaded guilty as charged on both counts. The State filed a multiple offender bill against Lewis, charging him under La. R.S. 15:529.1. Lewis pleaded guilty to the multiple bill after having been fully advised of the State’s burden of proof and of his right to confront and cross-examine witnesses against him, his right to call witnesses in his own behalf, his right to appeal, his right to remain silent, his rights against self-incrimination and his right not to testify should he have to go to trial. The trial court found Lewis to be a second felony offender and sentenced him under La. R.S. 15:529.1 to serve ten years as a second offender under La. R.S. 15:529.1 on the first conviction and to serve five years on the second conviction; the sentences are to run concurrently. Citing the Eighth Amendment to the United States Constitution and Article 1, Section 20 of the Louisiana Constitution which protects against excessive punishment, the trial court imposed a ten year rather than the statutorily mandated fifteen year sentence on a second offender under La. R.S. 15:529.1(A)(b)(ii) and La. R.S. 40:967(B)(1).
In its application for a writ of certiorari, the State argues that the trial court erred in sentencing the defendant to a term below the statutorily mandated minimum sentence. It argues that the ten year sentence was imposed under State v. Dorthey, 623 So.2d 1276 (La.1993), but the transcript of the trial court’s reasons at the sentencing hearing does not contain a reference to State v. Dorthey. The Louisiana Supreme ^Court, however, declared that a trial court has the authority to reduce a mandated sentence on the basis of the defendant’s constitutional protection against excessive punishment, La. Const. 1974. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
At the sentencing hearing the trial court justified imposing the lower sentence by first looking at the defendant’s history. The court noted: Lewis is nineteen years old; he attended school until the tenth grade when he dropped out; he was enrolled in vocational training at the time he was arrested on these charges. The court then enumerated what it found to be mitigating circumstances:
Mr. Louis does not have any crimes of violence in his past. Mr. Louis obtained both felony convictions at the ages of 18 or 19. In this case Mr. Louis’ father, Donald Louis was murdered in front of his door on January 4, 1992 when Mr. Louis was 14 years of age. His mother’s husband, his stepfather, was also murdered. The late Mr. Louis became a heavy drug user who ended up in prison for six to eight years *1348 during Mr. Louis’ formative years. The late Mr. Louis was released from prison in 1988, when Mr. Louis, Donnell Louis, was ten years of age. He was provided very little direction by his father. He was aware of his father’s drug problems. In 1991 at the age of 14 Mr. Louis was arrested for tatíng a car and joy riding. In late 1991 Mr. Louis was arrested a second time for stealing a car and joy riding. As a result of the second offense he was placed in the Youth Study Center and spent 13 months in CYC. In September of 1995 at the age Lof 17, Mr. Louis was arrested for possession of three pieces of crack cocaine. He subsequently pled to this charge in 1996 at the age of 18.
Based upon the mitigating circumstances that the Court has outlined and looking at the history of the defendant, the Court just believes that the sentence that the guidelines provide would amount to cruel and unusual punishment. We find that it would be excessive and as provided by the Constitution defendants are protected against such cruel impositions and such severe sentences that would not be designed to effectively address the harm and the crime that the defendant is before the Court for. The guideline sentence is disproportionate to the crime and fails to serve a penal purpose. It would simply be a severe, excessive punishment.[1]
Here the trial court addresses the personal tragedies in the defendant’s past and concludes with what has been called “boilerplate language” in support of sentencing the defendant to less than the statutorily mandated minimum sentence.[2]
This case is similar to State v. Kenneth Eggerson, 95-1337 (La.App. 4th Cir. 9/15/95), 661 So.2d 1096, where this Court refused to affirm a sentence for a defendant with three drug convictions who was sentenced to ten years under State v. Dorthey rather than the statutorily mandated twenty years. However, the trial court in]¿Eggerson said only that defendant was arrested with a very small amount of cocaine and did not go into the defendant’s history.
In the instant case, none of the particular facts enumerated by the trial court serves to exonerate the defendant from the effects of three drug arrests in one year. The defendant’s prior offense was initially possession of a firearm while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E); he was charged with that offense on October 18,1995. The charge was amended to R.S. 40:967(C) and R.S. 14:95 (a misdemeanor), and he pleaded guilty and was sentenced to active probation on each count on’ May 21, 1996. Although there are no facts in this writ application, it appears that the distribution of cocaine offenses occurred on or before July 2, 1996, just seven weeks after Lewis received probation for the first offense.
Even though the trial court’s account of the defendant’s youth and tragic background gives rise to sympathy and pity, it is not the “searching inquiry into and a meaningful assessment of exceptional facts and circumstances that justify the exercise of judicial discretion” in a particular case as required by this Court in State v. Compton, 96-2176 (La.App. 4th Cir. 10/23/96), 683 So.2d 853, 854. [Emphasis in original]. The defendant’s committing two additional and more serious drug crimes while on probation for his first crime indicates he did not benefit from being charged with possession of cocaine (a lesser offense than the one he was originally charged with) and receiving a suspended sentence.
Accordingly, for the above reasons, the ten year sentence imposed by the trial judge is vacated. The case is remanded to the trial court for resentencing in conformity with La. R.S. 15:529.1(A)(b)(ii).

WRIT GRANTED; SENTENCE VACATED AND REMANDED.

*1349 JONES, J., dissents and would deny the writ application.

. In her reasons, the trial judge refers to the "guideline sentence” as disproportionate. The fifteen year sentence is not a sentence under the Louisiana Sentencing Guidelines, LSA-C.Cr. P. art. 894.1, which are advisory in nature only, but is statutorily mandated undér La. R.S. 15:529.1.

. The phrase "boilerplate language” comes from State v. Compton, 683 So.2d 853, 854.