JiCIACCIO, Judge.
For the second time, on the application of the State of Louisiana, we grant certiorari to review the trial judge’s sentencing of the defendant to thirty months at hard labor as a fourth offender rather than to the mandated minimum sentence of twenty years.
• The defendant, Walter Johnson, was charged by bill of information with possession of cocaine, La. R.S. 40:967(C), and with a third offense for possession of marijuana, La. R.S. 40:966(C)(2), to which he pleaded not guilty. After a bench trial, the court found the defendant to be guilty as charged on each count. The State filed a multiple bill and the trial court sentenced the defendant to thirty months at hard labor as a fourth offender on the cocaine conviction, citing State v. Dorthey, 623 So.2d 1276 (La.1993). The State objected and brought writs. On review, we found that the trial court adequately complied with Dorthey where the trial court noted the defendant’s prior convictions, which were for non-violent offenses, and then declared that the mandatory sentence of twenty years for possession of cocaine as a fourth offender would be the infliction of useless pain and suffering and would serve no valid sentencing purpose. State v. Walter Johnson, 96-0447 (La.App. 4th Cir. 4/17/96), un-pub. However, the Louisiana Supreme Court reversed in a per curiam opinion, stating:
. ^Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge gave reasons for his sentence, it does not appear that he made a sufficient showing on the record to say that the imposition of the statutorily *247 mandated minimum sentence would be constitutionally excessive under these facts. Moreover, even assuming the statuT torily-mandated minimum sentence was excessive under these facts, the trial judge failed to justify his reduction of the sentence down to thirty months. See State v. Gordon, 96-0427 (La.5/10/96), 672 So.2d 669. Accordingly, the judgment of the trial court is vacated and the case remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence in this case.
State v. Johnson, 96-1263 (La.6/28/96), 676 So.2d 552.
On December 20, 1996, again citing State v. Dorthey, supra, the trial court resentenced the defendant to thirty months, one-eighth of the minimum sentence mandated for a fourth offender.
In State v. Compton, 96-2176 (La.App. 4th Cir. 10/23/96), 683 So.2d 853, we recently summarized the application of the principles announced by the Louisiana Supreme Court in State v. Dorthey, supra:
The Louisiana Supreme Court responded to the legislature’s grant of discretion to district attorneys to file multiple offender bills leading to severe mandatory minimum sentences for felony recidivists by granting trial judges the discretion to deviate from mandatory minimum sentences but neglected to give any greater guidance in the exercise of that discretion than a vague standard adapted from State v. Lobato, 603 So.2d 739, 751 (La.1992), and State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991): “[A] punishment is constitutionally excessive if it makes no measurable contribution to the acceptable goals of punishment and [3is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.” This standard cannot be satisfied by its recitation alone or by any other boilerplate language. This Court will not uphold a trial judge’s discretion to deviate from a legislatively mandated minimum sentence without a record that contains a searching inquiry into and a meaningful assessment of exceptional facts and circumstances that justify the exercise of judicial discretion in a particular case. Some significant facts and circumstances in this context include family history, prior criminal conduct in light of whether it was violent or nonviolent and whether it was similar or dissimilar to the conviction for which the defendant is being sentenced, other aggravating and mitigating circumstances such as those provided in the Code of Criminal Procedure article 894.1, and the impact of the crimes upon the victims. A record that reflects that a sentence was imposed after careful consideration of a particular defendant and the facts of the exceptional case in light of such concerns as these will support a trial judge’s discretion under Dorthey to depart from a minimum sentence mandated by the Habitual Offender Law.
State v. Compton, 683 So.2d at 854.
At the defendant’s resentencing in this case, the trial court stated it would avoid boilerplate language in explaining its reasons for imposing a sentence below the statutory minimum. The court began by discussing the nature of the defendant’s crime:
The defendant was convicted of possession of cocaine. In fact, he was convicted of being in possession of a residual amount of cocaine and he was also convicted of being in possession of a joint or less of marijuana. Now, in many jurisdictions the defendant would have been prosecuted for drag paraphernalia, which would be a misdemeanor. Mr. Johnson, however, was prosecuted and convicted here for possession of cocaine. That offense is probatable [sic] when a defendant is a first offender. Mr. Johnson, however, is not a first offender. His record indicates that Mr. Johnson; [sic] that is, the defendant has previous convictions. As such, the defendant, of course, faces a sentencing under this State’s multiple offender scheme. On numerous occasions this Court has imposed sentences below the mandatory minimum that is provided under the multiple offender statute. In those cases, the prior convictions used for enhancement Lof sentence were of a non-violent nature. This Court has imposed sentences that deviated from the minimum, mandatory twenty *248 years for individuals who are otherwise fourth offenders because in instances where the defendants were women charged with crime against nature, this Court’s belief was that that kind of crime did not require a sentence that would be larger than or longer than a year in jail regardless of what the prior convictions were because of the very nature of the offense itself. The Fourth Circuit Court of Appeal and the Louisiana Supreme Court have upheld those sentences.
The court next discussed the defendant’s nonviolent criminal history. (The trial court did not name the earlier crimes; they are: a 1981 conviction for illegal possession of stolen things valued in excess of $500, a 1983 conviction for theft of property valued between $100 and $500, and a 1988 conviction for illegal possession of stolen things valued between $100 and $500). The court stated:
Had Mr. Johnson had a prior history of violent acts or ... been convicted of being in possession of a significant amount of drugs, a deviation from the mandatory sentence would not be warranted. However, given the particular and peculiar facts of this case, such a sentence would not make a measurable contribution to the acceptable goals of punishment. In fact, that sentence of twenty years distorts those very goals.
The trial court then turned to the problems drugs pose in our society. The court noted that drugs breed both violence and personal destruction, and at sentencing the trial court must consider the degree of violence involved. When violence is present, the court declared, a mandatory sentence is warranted; however, in a case like the present one where only the elements of personal destruction are involved, a mandatory sentence is grossly out of proportion to the crime. The trial court summed up its argument:
[T]he defendant’s prior convictions were non-violent. The defendant was convicted of being in possession of a residual amount of cocaine. -The defendant’s case reflects that the personal destruction |5of drug abuse has come upon him. The facts also indicate that the elements of person [sic] destruction out weigh the violent aspects of this case.
Although the trial judge’s sentencing pronouncement appears to satisfy the “searching inquiry” and “meaningful assessment” of the exceptional facts and circumstances of the defendant’s case we require, two recent cases by the Louisiana Supreme Court suggest otherwise. In State v. Johnson, supra, the Supreme Court referred to State v. Gordon, 95-1247 (La.App. 4th Cir. 1/19/96), 668 So.2d 462, 465, writ granted 96-0427 (La.5/10/96), 672 So.2d 669. There a defendant convicted of forgery and adjudicated as a fourth felony offender was sentenced to forty months rather than the statutory minimum of twenty years. We found the record supported imposition of the forty month sentence because the crimes of the defendant were nonviolent “involving no possibility of great bodily harm or death to victims.” The Supreme Court disagreed, stating:
Although the trial judge cited Dorthey in his reasons, it does not appear that he made a sufficient showing on the record to say that imposition of the statutorily mandated minimum sentence would be constitutionally excessive under these facts. Moreover, even assuming the statutorily mandated minimum sentence was excessive under these facts, the trial judge failed to justify his reduction of the sentence down to forty months.
In Gordon the trial court based the lesser sentence on the fact that the defendant’s history showed no violent crime. The Supreme Court’s opinion suggests first that nonviolent crimes per se are not a sufficient reason to find the statutorily mandated minimum sentence constitutionally excessive, and second that the greater the reduction of the sentence, the more convincing the reasoning must be.
Another case on point which the Supreme Court recently reversed is State | go. Handy, 96-1791 (La.App. 4th Cir. 9/18/96), 680 So.2d 791, unpub., unit granted 96-2505 (La.1/6/97), 686 So.2d 36. In Handy, the defendant was convicted of possession of cocaine and sentenced to ten rather than the mandated twenty years. At sentencing the trial court emphasized the nonviolent nature of the de *249 fendant’s crimes even though one of his convictions was for possession of a handgun by a felon. The court also acknowledged that the defendant had eighteen rocks of cocaine when he was apprehended. The Supreme Court found that under these facts the statutorily mandated minimum sentence was not excessive.
In view of the Supreme Court’s recent decisions in which a non-violent history is not sufficient to reduce a sentence, we find that the trial court failed to adequately justify imposing a sentence of only thirty months at hard labor.
Accordingly, the defendant’s sentence of thirty months is vacated. The case is remanded to the trial court for resentencing in conformity with La. R.S. 15:529.1.

WRIT GRANTED; SENTENCE VACATED AND REMANDED.

JONES, J., dissents and would deny the writ.