720 So.2d 52 (1998)
STATE of Louisiana
v.
Steven JONES, Sr.
No. 97 KA 2521.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
Juan Pickett and Ellen Daigle Doskey, Assistant District Attorneys, Houma, for Plaintiff/Appellee State of Louisiana.
Margaret Smith Sollars, Thibodaux, for Defendant/Appellant Steven Jones, Sr.
Before GONZALES, KUHN and WEIMER, JJ.
GONZALES, J.
Defendant, Steven Jones, Sr., was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. After trial by jury, defendant was found guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for a term of thirty years without benefit of parole, probation or suspension of sentence. Defendant has appealed, urging in a single assignment of error that the trial court imposed an unconstitutionally excessive sentence.
At the sentencing hearing immediately after the trial court imposed sentence, defense counsel simply stated: "Your Honor, at this time we would orally move for a reconsideration." Defense counsel also timely filed a written motion to reconsider sentence based upon the grounds that defendant was found guilty of armed robbery and was sentenced to thirty years imprisonment at hard labor for the conviction. The trial court denied the oral and written motions for reconsideration.
In State v. Mims, 619 So.2d 1059 (La.1993) (per curiam), the Louisiana Supreme Court held that (under La.Code Crim. P. art. 881.1 which requires a defendant's motion for reconsideration to set forth the "specific grounds" upon which the motion is *53 based in order to raise an objection to the sentence on appeal) a defendant, who urges excessiveness of sentence as a ground in a motion to reconsider sentence, need not allege any specific ground other than excessiveness of sentence in order to preserve appellate consideration of a bare claim of constitutional excessiveness. However, under the clear wording of La.C.Cr.P. art. 881.1(D),[1] even if a defendant has successfully preserved a bare claim of constitutional excessiveness by raising excessiveness as the only ground for his motion, the defendant is precluded from any other "ground not raised in the motion on appeal or review." See State v. Scott, 634 So.2d 881, 882 (La.App. 1st Cir.1993). Consequently, in this case, defendant's failure to urge a claim of excessiveness or any other specific ground for reconsideration of sentence by his oral or written motion precludes our review of his assignment of error.

Patent Error
In reviewing the record for patent error, pursuant to La.Code Crim. P. art. 920(2), we have discovered that the trial court did not wait the required twenty-four hours after denial of defendant's motion for new trial and motion for post verdict judgment of acquittal before imposing sentence. See La.Code Crim. P. art. 873. However, at the beginning of the hearing on the motions, the prosecutor noted that the matter of sentencing was also set for that same day. In response, defense counsel stated that "we have to do the post trial motions first." We find that by virtue of that response defendant announced his readiness for sentencing, which implicitly waived the waiting period. See State v. Steward, 95-1693, p. 23 (La.App. 1st Cir.9/27/96), 681 So.2d 1007, 1019. Moreover, defendant has not cited any prejudice resulting from the court's failure to delay sentencing, nor have we found any indication that he was prejudiced. Thus, any error which occurred is not reversible. See State v. Steward, 95-1693 at p. 23, 681 So.2d at 1019.

DECREE
For the foregoing reasons, the conviction and sentence are AFFIRMED.
KUHN, J., concurs.
WEIMER, J., concurs and assigns reasons.
WEIMER, Judge, concurring.
I concur in the result reached by the majority and assign additional reasons.
Given the clear language of La.C.Cr.P. art. 881.1(D), the Louisiana Supreme Court decision in State v. Mims, 619 So.2d 1059 (La. 1993) (per curiam) and this court's decision in State v. Duncan, 94-1563, p. 3 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc), I concur in the result.
I respectfully suggest that State v. Mitchell, 96-1896, p. 4 (La.App. 1 Cir. 6/20/97), 697 So.2d 22, 24, writ denied, 97-1988 (La.1/9/98), 705 So.2d 1098 is not the law of this circuit and believe this matter should be addressed en banc so that the position of the court is clear. Mitchell poses potential uncertainty which may present a trap for the unwary.
NOTES
[1] La.C.Cr.P. art. 881.1(D) provides as follows:

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis ours.)