# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2018 KA 1777

# STATE OF LOUISIANA

# VERSUS

# RUSTY J. LEBOEUF

**Judgment Rendered:** AUG 0 2 2019

* * * * * *

On Appeal from the Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket No. 567443

Honorable F. Hugh Larose, Judge Presiding

* * * * * *

| | |
|---|---|
| Kristine Russell<br>District Attorney<br>Joseph S. Soignet<br>Assistant District Attorney<br>Thibodaux, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Lieu T. Vo Clark<br>Mandeville, Louisiana | Counsel for Defendant/Appellant<br>Rusty J. Lebouef |

* * * * * *

BEFORE: WHIPPLE, C.J., McCLENDON, AND HIGGINBOTHAM, JJ.

Higginbotham, J. agrees in part, dissents in part, and assigns reasons.

**McCLENDON, J.**

Defendant, Rusty J. Leboeuf, was charged by bill of information with indecent behavior with a juvenile (victim under the age of thirteen), a violation of LSA-R.S. 14:81. Defendant entered a plea of not guilty and, following a jury trial, was found guilty as charged. Defendant was sentenced to fifteen years imprisonment at hard labor. Defendant now appeals, designating two assignments of error. For the following reasons, we affirm the conviction, vacate the sentence, and remand to the trial court for resentencing, correction of the minutes and, if necessary, correction of the commitment order.

## FACTS

In June of 2017, twelve-year-old K.C.[1] lived in Cut Off, Louisiana, in Lafourche Parish, with her mother, brothers, and her mother's boyfriend, the defendant. In the early morning hours of June 16, 2017, K.C. had fallen asleep on the couch in the living room. According to K.C., at about 6:00 a.m., she was awakened by defendant, who had placed his penis in her hand. K.C. hurriedly turned over on the couch and feigned still being asleep, until defendant walked away. Later that same day, K.C. told her brother, who told his mother and uncle. The police were called. Defendant testified at trial. He had prior convictions for forgery, simple burglary, and unauthorized entry of an inhabited dwelling. Defendant admitted that he was in the living room on the couch with K.C. the night she fell asleep. He insisted, however, that he never removed his penis from his clothes.

## ASSIGNMENTS OF ERROR NOS. 1 and 2

In these related assignments of error, defendant argues, respectively, that the trial court erred in denying the motion to reconsider sentence and that his sentence is unconstitutionally excessive.

A thorough review of the record indicates that defendant did not make or file a written motion to reconsider sentence based on any specific ground following the trial court's imposition of the sentence. Under LSA-C.Cr.P. arts. 881.1E and 881.2A(1), the

---

[1] The victim is referred to herein by her initials. See LSA-R.S. 46:1844W.

2

failure to make or file a motion to reconsider sentence shall preclude a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness.[2] See **State v. Mims**, 619 So.2d 1059 (La. 1993) (per curiam). Defendant, therefore, is procedurally barred from having his assignments of error reviewed because of his failure to file a motion to reconsider sentence after being sentenced. See **State v. Duncan**, 94-1563 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc per curiam).

These assignments of error are without merit.

## SENTENCING ERROR

For errors not assigned, we are limited in our review under LSA-C.Cr.P. art. 920(2) to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After careful review, we have found an error in defendant's sentence.

Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:81H(2). Defendant's sentence of fifteen years at hard labor is, therefore, illegally lenient because it fails to restrict the possibility of parole in accordance with the terms of the statute. Because the instant sentence involves discretion, it cannot be corrected by this court.[3]

---

[2] Following sentencing of defendant, defense counsel stated, "We wanted to object to the sentence and orally ask for a reconsideration of the sentence." Defense counsel's objection did not constitute an oral motion to reconsider sentence as contemplated by LSA-C.Cr.P. art. 881.1B ("The motion ... shall set forth the specific grounds on which the motion is based."). A general objection to a sentence without stating specific grounds, including excessiveness, preserves nothing for appellate review. See **State v. Bickham**, 98-1839 (La.App. 1 Cir. 6/25/99), 739 So.2d 887, 891. Similarly, the statement that we "orally ask for a reconsideration of the sentence" failed to urge a claim of excessiveness or any other specific ground for reconsideration of sentence and, as such, precludes our review of the assignments of error. See **State v. Jones**, 97-2521 (La.App. 1 Cir. 9/25/98), 720 So.2d 52, 53.

[3] Pursuant to LSA-R.S. 15:301.1A, if a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. Nevertheless, LSA-R.S. 15:301.1A cannot apply where the trial court must exercise discretion concerning any portion of the sentence that is to be served without benefit of probation, parole, or suspension of sentence. **State v. Dorsey**, 12-1816 (La.App. 1 Cir. 2/4/14), 137 So.3d 651, 656, writ denied, 14-0378 (La. 9/19/14), 148 So.3d 951, cert. denied, __U.S.__, 135 S.Ct. 1495, 191 L.Ed.2d 435 (2015).

3

Accordingly, we vacate defendant's sentence and remand this matter to the trial court for resentencing. See **State v. McKinney**, 15-1503 (La.App. 1 Cir. 4/25/16), 194 So.3d 699, 708-09, writ denied, 16-0992 (La. 5/12/17), 220 So.3d 747.

## CONCLUSION

For the foregoing reasons, we affirm defendant's conviction, vacate defendant's sentence, and remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING, CORRECTION OF THE MINUTES AND, IF NECESSARY, CORRECTION OF THE COMMITMENT ORDER.**

STATE OF LOUISIANA

COURT OF APPEAL

NO. 2018 CA 1777

STATE OF LOUISIANA

VERSUS

RUSTY J. LEBOEUF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HIGGINBOTHAM, J., AGREES IN PART AND DISSENTS IN PART AND ASSIGNS REASONS.

I agree with affirming the defendant's conviction, but I respectfully dissent from the majority's decision to remand this matter to the trial court for resentencing. The majority correctly points out that the defendant's sentence of fifteen years is illegally lenient, because it fails to restrict the possibility of parole in accordance with the terms of the statute. However, because the trial court's failure to include the required restriction of benefits was not raised by the State on appeal, and the sentence is not inherently prejudicial to the defendant, I would decline to correct this error and would affirm the defendant's conviction and sentence. See **State v. Price**, 2005-2514 (La. App. 1st Cir.12/28/06), 952 So.2d 112, 123-125 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277; see also **State v. Nordgren**, 2014-1183 (La. App. 1st Cir. 9/18/15) 2015 WL 5514992, \*2 (unpublished).