NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0067

STATE OF LOUISIANA

VERSUS

MICHAEL LEE JACKSON

Judgment rendered: SEP 2 7 2019

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 09-16-0008, Sec. II

The Honorable Richard D. Anderson, Judge Presiding

* * * * *

Hillar C. Moore, III
District Attorney
Stacy L. Wright
Assistant District Attorney
Baton Rouge, Louisiana

Attorneys for Appellee,
State of Louisiana


Lieu Vo Clark
Louisiana Appellate Project
Mandeville, Louisiana

Attorney for Defendant/Appellant
Michael Lee Jackson

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

Defendant, Michael Lee Jackson, was charged by bill of information with video voyeurism, a violation of La. R.S. 14:283. He pled not guilty. After a trial by jury, defendant was found guilty as charged.[1] The trial court adjudicated defendant as a fourth-felony habitual offender and imposed a term of 80 years imprisonment at hard labor. Defendant now appeals. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

On June 25, 2016, at a Newk's Eatery in Baton Rouge, Louisiana, C.M.[2] was having lunch with her husband and four children. C.M. left her family to use the women's restroom. Noticing that the far left stall of three was occupied, she chose the middle stall. As she was reaching for some toilet paper, she noticed "a long thin black arm with a phone in the hand" appearing from under the neighboring stall. At first she believed it was someone using the phone as a flashlight to look for something, but she then noticed a mirror propped up on the toilet beneath her. She screamed at the person in the stall next to her, "what are you doing" to which the person replied, "I'm sorry. I'm sorry. What? What?" C.M. quickly pulled up her pants and fled the restroom yelling to her husband that there was a man in the women's restroom taking pictures of her. C.M. identified defendant in court as the man she saw exiting the women's restroom, and she identified herself in photos forensically recovered from defendant's cell phone.

C.M.'s husband testified that he ran to the restroom area when he heard his wife screaming for him and telling him that someone was taking photos of her in the bathroom. C.M.'s husband stopped defendant outside the women's restroom as

---

[1] Defendant's jury verdict was non-unanimous at 11-1.

[2] The victim is referred to by her initials in accordance with La. R.S. 46:1844(W).

he began to flee. He then demanded defendant delete the photos off of his phone, but defendant maintained he did not have any. Defendant then broke the gray flip phone he held in his hands. Defendant tried to run for a second time, but was again stopped and detained by C.M's husband and another bystander. C.M.'s husband identified defendant in court as the man he confronted outside of the bathroom.

## EXCESSIVE SENTENCE

In his first assignment of error, defendant contends the trial court erred in denying his motion to reconsider sentence and that he received an excessive sentence. Given his age of 62, defendant argues that his 80-year term is effectively a life sentence and too harsh given the nature of the instant offense. Moreover, defendant urges that the trial court did not properly consider his history of "mental health issues" and substance abuse represented in the pre-sentence investigation as mitigating factors.

The State argues that defendant did not set forth any of the factors contained within the instant appeal in his motion to reconsider sentence. As such, the State claims defendant's failure to include his specific grounds below results in their waiver on appeal. Moreover, the State contends that while the court gave consideration to defendant's age, mental health issues, and criminal history, it did not err in finding his history warranted the 80-year sentence he received.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado,** 367 So.2d 762, 767 (La. 1979); **State v. Honea,** 2018-0018 (La. App. 1 Cir. 12/21/18), 268 So.3d 1117, 1120. A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and

3

suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Spikes**, 2017-0087 (La. App. 1 Cir. 9/15/17), 228 So.3d 201, 204. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **State v. Ford**, 2017-0471 (La. App. 1 Cir. 9/27/17), 232 So.3d 576, 587, writ denied, 2017-1901 (La. 4/22/19), 268 So.3d 295. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Letell**, 2012-0180 (La. App. 1 Cir. 10/25/12), 103 So.3d 1129, 1138, writ denied, 2012-2533 (La. 4/26/13), 112 So.3d 838.

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982); **State v. Ducote**, 2016-1457 (La. App. 1 Cir. 4/12/17), 222 So.3d 724, 727. The trial judge should review defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981); **State v. Scott**, 2017-0209 (La. App. 1 Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion,

not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam); **State v. McCasland**, 2016-1178 (La. App. 1 Cir. 4/18/17), 218 So.3d 1119, 1123.

In sentencing defendant as a habitual offender, the trial court noted defendant had prior convictions for purse snatching, possession of contraband in a penal institution, simple escape, felony theft, video voyeurism (distinct from the instant offense), and two convictions each of simple burglary and obscenity. The court observed defendant was still on parole for an obscenity conviction and subject to sex offender registration when he was arrested for the current offense. The trial court noted that defendant had a history of substance abuse and mental health issues, including "depression and hearing voices." However, the trial court appears to have accorded greater weight to its finding that at no point in his life had the defendant refrained from committing crimes, noting that the defendant "has been convicted, released, convicted, released."

As the State correctly points out, the defendant did not raise the specific mitigating factors that he now alleges on appeal in his motion to reconsider the sentence. Under La. Code Crim. P. art. 881.1(E), the failure to include a specific ground for reconsideration precludes a defendant from urging that ground on appeal. See **State v. Jones**, 97-2521 (La. App. 1 Cir. 9/25/98), 720 So.2d 52, 53; **State v. Cole**, 2018-538 (La. App. 3 Cir. 2/6/19), 265 So.3d 1051, 1055. Nevertheless, defendant does not lose the right to appeal his sentence, as the claim of excessiveness is still properly before the appellate court. See **State v. Mims**, 619 So.2d 1059-60 (La. 1993) (per curiam).

In reviewing the claim of excessiveness, we observe that the trial court actually considered the mitigating factors defendant raises on appeal. Moreover, as a fourth-felony habitual offender, defendant was subject to a sentencing range of

5

20 years to life imprisonment at hard labor. La. R.S. 14:283(B)(3); La. R.S. 15:529.1(A)(4)(a). Therefore, considering the record and the evidence before the trial court, we cannot say that the trial court manifestly abused its discretion in sentencing defendant or in denying defendant's motion to reconsider sentence even though a lesser sentence may have been appropriate. Accordingly, this claim is without merit.

## NON-UNANIMOUS JURY VERDICT

In two assignments of error, defendant argues that the non-unanimous jury verdict requirement of La. Const. art. I, §17(A) and La. Code Crim. P. art. 782(A) violate both the Sixth and Fourteenth Amendments to the United States Constitution and that the recent legislative amendments requiring unanimity should apply retroactively to his case. The State argues that this court has "very recently reaffirmed the constitutionality of the non-unanimous jury verdict." See **State v. Brooks**, 2017-1755 (La. App. 1 Cir. 9/24/18), 258 So.3d 944, writ denied, 2018-1718 (La. 2/25/19), 266 So.3d 289.

However, defendant did not raise the issue below and cannot now raise it here for the first time.[3] A reviewing court will generally refrain from addressing an issue not raised in the district court. See **State v. Thibodeaux**, 2016-0994 (La. 10/27/17), 227 So.3d 811, 812 (per curiam) (citing **Segura v. Frank,** 93-1271 (La. 1/14/94), 630 So.2d 714, 725, cert. denied sub nom., **Allstate Ins. Co. v. Louisiana Ins. Guar. Ass'n**, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994)). Additionally, it is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the

---

[3] On March 18, 2019, the United States Supreme Court granted certiorari in **Ramos v. Louisiana**, 2016-1199 (La. App. 4 Cir. 11/2/17), 231 So.3d 44, writ denied, 2017-2133 (La. 6/15/18), 257 So.3d 679, writ denied sub nom., **State ex rel. Evangelisto Ramos v. State**, 2017-1177 (La. 10/15/18), 253 So.3d 1300, cert. granted, ___ U.S. ___, 139 S.Ct. 1318, 203 L.Ed.2d 563 (2019), to address the question of whether the unanimous jury verdict requirement of the Sixth Amendment to the United States Constitution applies to the states through application of the Fourteenth Amendment. Thus, depending on the Court's ruling, defendant may, at a future date, be entitled to post-conviction relief on this basis.

trial court below. In order to do so, the alleged unconstitutionality must be specially pleaded, and the grounds outlining the basis of unconstitutionality must be particularized. See **State v. Hatton**, 2007-2377 (La. 7/1/08), 985 So.2d 709, 718-19. As such, we decline to consider this claim. See **Hatton**, 985 So.2d at 722.

## PATENT ERROR

This court has conducted an independent review of the entire record in this matter, including a review for error under La. Code Crim. P. art. 920(2). Our review has revealed the existence of a patent sentencing error in this case.

As an initial mater, defendant filed a motion for new trial on April 12, 2018, and was sentenced on July 25, 2018. The trial court denied the motion for new trial on December 14, 2018. Louisiana Code of Criminal Procedure article 853(A) mandates, in relevant part, that a "motion for a new trial must be filed and disposed of before sentence." See also La. Code Crim. P. art. 873. Herein, the trial court erred by sentencing defendant before ruling on the motion for new trial. However, as defendant did not request a ruling after the hearing on the motion for new trial was continued, we find the sentencing error to be harmless.

In the instant case, defendant has not assigned error to the trial court's failure to rule on his motion for new trial prior to sentencing. Under these circumstances, we find that sentencing error to be harmless. Accordingly, any error in the trial court's failure to rule on the motion for new trial prior to sentencing is harmless beyond a reasonable doubt and does not require a remand for resentencing. See **State v. Magee**, 2017-1217 (La. App. 1 Cir. 2/27/18), 243 So.3d 151, 165, writ denied, 2018-0509 (La. 2/11/19), 263 So.3d 434.

## CONCLUSION

For these reasons, the conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

7