laWHIPPLE, Judge.
Steven Wayne Moses was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. Defendant pled not guilty and, after trial by jury, was convicted as charged. Defendant was subsequently billed as a habitual offender. Defendant was adjudicated as a third felony offender; thereafter, the trial court sentenced him to serve three years imprisonment at hard labor with credit for time served. The state filed a motion to reconsider sentence, which was denied by the trial court. The state has appealed, urging in two assignments of error that: 1) the sentence imposed by the trial court was illegally lenient; and 2) the trial court erred by denying the state’s motion to reconsider sentence.
Facts
On March 16, 1996, Deputy Charles Pollar with the East Baton Rouge Sheriffs Department was dispatched to Nicholson Elementary School in response to two silent burglar alarms in the cafeteria, one in the dining area and one in the dish washing area. When he arrived on the scene, Deputy Pollar looked through a window, and observed defendant removing items from a desk in the dining area. The deputy discovered a single windowpane had been removed in order to gain entry. Deputy Pollar remained in position by this window until other officers arrived on the scene, at which time defendant attempted to exit through the open window. Deputy Pollar drew his service revolver and ordered defendant to halt. Defendant surrendered without a struggle. After securing the premises, Deputy Pollar noted that milk had been placed into a garbage bag, along with a calculator and a clock.
Sentencing Challenge
In a single consolidated argument, the state contends that the sentence imposed by the trial court was illegally lenient and that the trial court erred by denying the state’s motion to reconsider sentence. The state notes that, as a third ^felony habitual offender, the statutory penalty, pursuant to LSA-R.S. 15:529.1(A)(l)(b)(i) and 14:62, is eight to twenty-four years imprisonment.
In imposing the instant sentence, the court recognized that the applicable sentencing range was eight to twenty-four years, but gave the following reasons, in pertinent part, for finding that range unconstitutional in this case:
The law is asking me to sentence this man under the habitual offender status [sic] which the state has the right to do this, to file that and to have a hearing and to be found to be an habitual offender, a third felony offender, under the habitual offender status [sic]. But the court is also bound by the Constitution. And one of the problems the court is having is in a case cited as State versus Dorthey, a Supreme Court of Louisiana case, cited at 623 So.2d 1276 ...
* * * # *
There are several things that we must look at in this particular matter and that is he’s been previously convicted of a simple burglary. He knew simple burglary was wrong. He knew what it is. He knows it violates the law. After that he also committed a federal crime and then, again, committed a simple burglary which we are sentencing on today. He has still committed a simple burglary. There’s no doubt about it. He has committed a simple burglary. But the question is, is that: this simple burglary which is — sentencing is an *1384 individual and separately considered issue each time a person is sentenced. — is whether or not eight years for entering a building by opening the window, wherein there is no damage or restitution owed and taking cookies and milk should be sentenced up to eight years as a sentence or more. And the state, according to this case, does have a writ of — right of review under LA — Louisiana Code of the [sic] Criminal Procedure Article 882 B. If I should reduce it and find that it is excessive. The only thing I’m not sure of is: has this thing been modified — no—in any way since this case? All right. Therefore, for the record this court would find that eight years’ [sic] hard labor, based on the facts surrounding this crime, and even though he is an habitual offender as a third felony — third felony offender under the Habitual Offender Statute, would in this court’s mind be excessive and violate the Constitution. However, he’s had more than one break in life. He got probation before and he violated that probation even though he previously committed a burglary. Therefore, at this time this court will sentence him to three years’ [sic] hard labor with credit for time served....
In denying the state’s motion to reconsider sentence, the trial court provided the following written reasons, in pertinent part:
The jurisprudence is clear that the Court may sentence an habitual offender to less than the minimal [sic] required under R.S. 15:529.1 whenjjthe Court finds that the minimum sentence thereunder would result in the needless infliction of pain and suffering and that the minimum sentence would offend the spirit of the due process clause of the State and United States Constitution. This Court considered the actual facts of this crime, simple burglary, and found that the accused was guilty of breaking into a school when it was not in session, and stealing primarily cookies and milk.
This Court feels that eight years at hard labor, without" benefit of probation, parole or suspension of sentence for the actual crime in this case is excessive under the Constitutional standards and would result in the needless infliction of pain and suffering for a crime that was non-violent and nominal in loss of property. Therefore, this Court found that three years at hard labor was sufficiently severe a penalty for the actual crime committed, considering that the accused has a very bad past record of criminal behavior. [Emphasis in original.]
The legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. Courts must apply these penalties unless they are found to be unconstitutional. State v. Baxley, 94-2982, p. 10 (La.5/22/95); 656 So.2d 973, 979. Imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). Additionally, imposition of the minimum sentence required under a particular statute may, under particular circumstances, also violate a defendant’s constitutional protection against excessive punishment. See State v. Dorthey, 623 So.2d 1276, 1280-1281 (La.1993).
In Dorthey, the Louisiana Supreme Court considered a constitutional challenge to the Habitual Offender Statute. Therein, the court observed that it is the legislature’s prerogative to determine the length of the sentence imposed for crimes classified as felonies. Furthermore, courts are charged with applying these punishments unless they are found to be unconstitutional. State v. Dorthey, 623 So.2d at 1278. The Supreme Court further noted in Dorthey that the judiciary maintains [5the distinct responsibility for reviewing sentences imposed in criminal eases for constitutional excessiveness. Thus, if a trial court determines that the habitual offender punishment mandated by LSA-R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment” or that the sentence would amount to nothing more than “the purposeful imposition of pain and suffering” and would be “grossly out of proportion to the severity of the crime,” then the *1385 court has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d at 1280.
In the instant case, the legislature has provided in LSA-R.S. 14:62 that the penalty for simple burglary is a fine of not more than two thousand dollars, imprisonment with or without hard labor for not more than twelve years or both. Pursuant to LSA-R.S. 15:529.1(A)(l)(b)(i), a third felony habitual offender be sentenced to a term “not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence.... ” Thus, in the instant case, the sentencing range for this defendant was between eight years and twenty-four years.
As previously recognized by the Louisiana Supreme Court:
One of the traditional, inherent and exclusive powers of the judiciary is the power to sentence. After a defendant is convicted of a crime, the determination of his sentence is within the sound discretion of the trial judge. However, the trial judge’s sentencing discretion is not unbridled, as the legislative branch of government is free to decide what constitutes a crime as well as what punishments shall be meted out by a court after the judicial ascertainment of guilt. Therefore, the fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature.
State v. Rome, 96-0991, pp. 3-4 (La.7/1/97); 696 So.2d 976, 978. (Citations and footnotes omitted).
IfiAfter Dorthey, there have been several cases which have involved the sentencing discretion of the trial court in relation to statutorily mandated minimum sentences provided by the legislature. In State v. Handy, 96-2505 (La. 1/6/97); 686 So.2d 36, the Louisiana Supreme Court vacated a sentence which was below the minimum sentence mandated by the legislature. While noting that the trial judge had given reasons for his sentence, the Supreme Court ordered a remand of the case because it did not appear that the trial court made a proper finding that imposition of the statutorily mandated minimum sentence would be constitutionally excessive under the facts presented therein. Thus, the Supreme Court vacated the judgment and directed the lower court to “justify its deviation from the statutorily-mandated minimum sentence in this case.” State v. Handy, 96-2505 at p. 1; 686 So.2d at 37.
In State v. Bastian, 96-2453 (La. 12/13/96); 683 So.2d 1220, the Louisiana Supreme Court ruled:
Although the trial judge gave reasons for finding the statutorily mandated sentence to be constitutionally excessive, he failed to justify his reduction of the sentence from the statutorily mandated sentence of life imprisonment down to six years. Accordingly, the judgment of the trial court is vacated and the case is remanded to the trial court to justify its deviation from the constitutionally mandated sentence in this case and to render the maximum sentence that is not constitutionally excessive.
In State v. Gordon, 95-1247 (La.App. 4th Cir. 1/19/96); 668 So.2d 462, writ granted, 96-0427 (La.5/10/96); 672 So.2d 669, a fourth felony habitual offender convicted of forgery was sentenced to forty months rather than the statutory minimum of twenty years. The Fourth Circuit affirmed the trial court, reasoning that the crimes were nonviolent “involving no possibility of great bodily harm or death to the victims.” State v. Gordon, 95-1247 at p. 6; 668 So.2d at 465. The Louisiana Supreme Court held ruled that the trial court had failed to make a sufficient showing on the record to say that imposition of the statutorily mandated minimum sentence 17would be constitutionally excessive under the facts presented therein. The Supreme Court further noted that even assuming the sentence was excessive, the trial court had failed to justify its reduction of the sentence down to forty months. State v. Gordon, 96-0427 at p. 1; 672 So.2d at 669; see also State v. Alexis, 96-1647 (La.10/4/96); 679 So.2d 1364.
In State v. Compton, 96-2176, p. 3 (La. App. 4th Cir. 10/23/96); 683 So.2d 853, 854, *1386 the Fourth Circuit granted writs and ordered a third felony offender resentenced where the trial court failed to provide sufficient reasons for departing from the statutorily mandated life sentence under the Habitual Offender Statute. Defendant had pled guilty to possession of a stolen vehicle and access device fraud; previous convictions included purse snatching and theft.
In State v. Lacoste, 97-1113, p. 7 (La.App. 4th Cir. 5/28/97); 695 So.2d 1121, 1125, the Fourth Circuit ruled that the trial court failed to make a proper determination to defeat the presumption that the legislative sentence was constitutional as applied to that defendant.
As the Fourth Circuit had previously noted in State v. Young, 94-1636, p. 5, 6-7 (La.App. 4th Cir. 10/26/95); 663 So.2d 525, 527-528, writ denied, 95-3010 (La.3/22/96); 669 So.2d 1223:
One of the basic principles universally applied by courts in testing constitutionality is the presumption of constitutionality. In the application of this principle a trial court considering whether the minimum sentence prescribed by the legislature for the particular crime committed by a defendant would be unconstitutional if applied to a particular defendant may do so only if there is substantial evidence to rebut the presumption of constitutionality. The trial court may not depart from the legislaturely [sic] mandated minimum simply because of some subjective impression or feeling about the defendant.

******

In our society the people have insisted on legislation to toughen criminal laws. The people are especially concerned about recidivism. In some states legislatures have responded to these concerns by passing |g“three strikes and you’re out” legislation — life imprisonment for the third felony offender. Our legislature has responded with the Habitual Offender Law. As the court pointed out in Dorthey, it is the legislature’s prerogative to determine the length of time to be imposed for a crime. This prerogative is rendered nugatory if a judge may for purely subjective reasons disregard the will of the legislature under the guise of particularized unconstitutionality. This is the stuff from which flows in the minds of the public a distrust and disrespect for the judiciary.
In Young, the Fourth Circuit determined that the trial judge’s reasons for disregarding the Habitual Offender Statute were “purely subjective.” State v. Young, 94-1636 at p. 5; 663 So.2d at 527.
We have thoroughly reviewed the jurisprudence and the record presented in the instant case. We find no basis in the record for the trial court’s comments concerning the facts of this case. In particular, we find the police officer’s testimony in the record rebuts the trial court’s statements at sentencing that this matter simply involved the taking of cookies and milk. Thus, we find the trial court erred and failed to make a proper determination on the record to support its declaration that imposition of the statutorily mandated minimum sentence would be constitutionally excessive. Moreover, even assuming the sentence was excessive, the trial court failed to justify its deviation from the statutorily mandated minimum sentence as pronounced by the legislature downward to the three year sentence which was imposed. Thus, we vacate the sentence imposed by the trial court and remand the matter to the district court for further proceedings consistent with Dorthey and its progeny.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED WITH ORDER.