CRAIN, J.
|2The legal issue that must be resolved in this criminal case is' whether the defendant’s constitutional rights were violated when a police officer, without a search warrant, opened the lid of a barbecue grill located next to a trailer that the defendant claimed as his residence and seized drug evidence found therein. Finding that the seized drug evidence was the product of an unconstitutional search, we reverse the trial court’s ruling on the motion to suppress, reverse the defendant’s conviction that was dependent upon the inadmissible drug evidence, vacate the defendant’s habitual offender adjudication and sentence, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On the night of October 27, 2010, Terre-bonne Parish Sheriffs Office Narcotics Task Force agents doing street-level drug ■enforcement were patrolling the area around the' Daiiiel Turner Trailer Park, a known high-crime area in Houma, Louisiana. At approximately 11:00 p.m.,’ their undercover unit turned into the trailer park where agents observed the defendant standing alone in tye middle of the.street. In the immediate area where the defendant was standing, two house trailers sat side by side, with a short concrete driveway located between the two trailers. The defendant, who was facing the agents, seemed to recognize the undercover unit as law enforcement and quickly walked out of the street and ‘between the trailers. The trailer nearest the approaching undercover unit blocked the agents’ sight of the defendant for a few seconds. As the undercover unit pulled in front of the driveway, the agents observed the defendant walking back' toward them. The blue lights on the undercover unit were activated, and die agents exited the unit.
Agent Russell Madere made contact with the defendant "at the street; At the same time, Agents Dallas Bookenberger and Joseph Renfro walked up the Isdriveway holding flashlights to see if the defendant had discarded drugs or a weapon. On the ground, the agents observed tom baggies, which appeared to have cocaine and marijuana residue on them.[1] As the agents continued up the driveway, they saw a barbecue grill and a dilapidated car. Agent Renfro noticed that the grill lid sat at an angle, rather than flush, and that thpre was “disturbed” dew on the handle of the grill lid, in contrast to undisturbed *1021 dew on most everything else. Agent Ren-fro lifted the grill lid and found approximately two ounces (fifty grams) of crack cocaine, packaged for sale. At trial it was established that the street value of the cocaine was approximately $10,000.00.
The defendant was arrested and read his Miranda rights. Upon questioning by Agent Bookenberger, the defendant indicated that he lived at the trailer, that the barbecue grill belonged to his family, and that he had no knowledge of the drugs found by the officers.
The trial court denied the defendant’s motion to suppress the drug evidence, and a jury found the .defendant guilty as charged of possession with intent to distribute cocaine. See La. R.S. 40:967A(1). The defendant was adjudicated a second-felony habitual offender and sentenced to twenty years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant now appeals.
SUPPRESSION OF THE EVIDENCE
The defendant contends that the trial court erred in denying his motion to suppress. When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion, i.e., unless such ruling is not supported by the evidence. See State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 280-81. However, a trial | ¿court's legal findings are subject to a de novo standard of review. State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 751. In conducting its review, the appellate court may consider not only the evidence adduced at the hearing on the motion, but also all pertinent evidence given at the trial of the case. State v. Leger, 05-0011 (La.7/10/06), 936 So.2d 108, 122.
The Fourth Amendment to the United States Constitution and Article I, Section 5, of the Louisiana Constitution protect people against unreasonable searches , and seizures. It is well settled that a. search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the State can affirmatively show that the warrantless search and seizure was justified by one of the narrowly drawn exceptions to the warrant requirement. See La. Code Crim. Pro. art. 703D; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330, 335. A search incident to an investigatory stop is one such exception, See Minnesota v. Dickerson, 508 U.S. 366, 373, 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334 (1993); State v. Carter, 13-1952 (La.12/2/13), 130 So.3d 308, 311-12. On appeal, the defendant contends that’ the agents lacked justification for the investigatory stop.
An officer rnay stop a citizen in a public place and question him based upon a reasonable suspicion that the individual has committed or is about to commit an offense. See La. Code Crim. Pro. art. 215.1; Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Summers, 15-1363 (La.7/29/15), 170 So.3d 960, 963. Whether reasonable suspicion exists requires- weighing the totality of the circumstances known to the police at the time of the -stop,. See State v. Gates, 13-1422 (La.5/7/14), 145 So.3d 288, 302. It is well established that the reputation of an área is an articulable fact upon which law enforcement may legitimately rely, and is therefore relevant in considering whether there existed a particularized and objective basis for suspecting the’ defendant had 1 ^committed, ,or was about, to- commit a criminal offense. See State v. Temple, 02-1895 (La.9/9/03), 854 So.2d 856, 859-60. Further, an individual’s nervous, startled behavior, or flight in a high-crime area give's rise to reasonable suspicion for an *1022 investigatory stop. See Wardlow, 528 U.S. at 125, 120 S.Ct. at 677; State v. Lewis, 00-3136 (La.4/26/02), 815 So.2d 818, 821.
We find that under the particular facts of this case, the agents had. reasonable suspicion to stop and question the defendant. The agents were in a known high-crime area at' approximately 11:00 p.m. when they observed the defendant standing alone in the middle of the street. The lighting in the area was bad. Upon recognizing the presence of law enforcement, the defendant quickly walked away, purposefully avoiding visual contact with the agents for a very brief period of time. When the agents, just seconds later, arrived at the driveway where the defendant had disappeared, the defendant reappeared, walking back toward them. Considering these facts, it was reasonable for the agents to stop and detain the defendant.
Incident to an investigatory stop, officers are justified in conducting a protective search for weapons that might be used to harm them. See Dickerson, 508 U.S. at 373, 113 S.Ct. at 2136; U.S. v. Rideau, 969 F.2d 1572, 1575-76 (5th Cir.1992) (on rehearing en banc); Carter, 130 So.3d at 311-12. Such a search does not typically extend beyond a limited pat-down of the defendant’s body and the area within his reach. However, rigid adherence to artificial lines defining the scope of these searches can result in the failure to consider the realities of the risks faced by these law enforcement officers. The reasonableness of the scope of such a search must be measured against the circumstances existing at the time. Cf. Summers, 170 So.3d at 964; see also Rideau, 969 F.2d at 1575-76.
The agents’ search of the open areas where the defendant briefly disappeared before returning for questioning was a reasonable search incident to the | ^investigatory stop. The trailer park where the stop occurred was well-known to the agents for its high rate of drug crimes and shootings. That, coupled with the darkness of night and the defendant’s suspicious disappearance then reappearance, justified the agents scanning the area for contraband. More importantly, a minimally intrusive search of the area to ensure that no-one else was present who might harm the officers while the defendant was being questioned was reasonable and appropriate.
However, a search incident to a. Terry investigatory stop must, considering the totality of the circumstances, be narrowly tailored to ensure the safety of the officers during questioning of the individual.[2] Cf. State v. Duke, 12-2677 (La.12/10/13), 130 So.3d 880, 886-87. At the motion to suppress hearing, the trial *1023 court stated, “If I had been a policeman on the scene that night I would ■ have been concerned that there was a weapon in that barbecue pit within reach of that defendant.” The testimony of the agents, however, established that the defendant .was detained at the street,- some thirty feet from the grill. Under the totality of the circumstances, opening the grill exceeded the limited scope of the permissible search justified by the stop.
 The trial court determined that the officers were justified in opening the grill by the exigent circumstances exception to the warrant requirement. Exigent circumstances are exceptional circumstances which, when coupled with probable 17cause, justify entry into a protected area that, without those, exceptional circumstances, would be unlawful.[3] State v. Hathaway, 411 So.2d 1074, 1079 (La.1982). The Supreme Court has defined “exigent circumstances” as “a plausible claim of specially pressing or urgent law enforcement need.” Illinois v. McArthur, 531 U.S. 326, 331, 121 S.Ct. 946, 950, 148 L.Ed.2d 838 (2001). Exigent circumstances may arise from the need.to prevent the offender’s escape, minimize the possibility of a violent confrontation which could cause injury to the officers and the public, and preserve evidence from destruction.-or concealment. State v. Brisban, 00-3437 (La.2/26/02), 809 So.2d 923, 927-28.
An officer needs both probable cause to search and -exigent, circumstances to justify a non-consensual .warrantless intrusion into private premises. Brisban, 809 So.2d at 927. Probable cause for a search exists when facts .within the officer’s knowledge and of which he has reasonable and trustworthy information are sufficient to justify a reasonable man in the belief that the place to be searched will contain the object of the search. State v. Ragsdale, 381 So.2d 492, 495 (La.1980). Thus, it was incumbent on the State to prove that the agents had probable cause to believe that the grill contained contraband or evidence of a crime.
While law enforcement’s reasonable suspicion for an- investigatory stop mayUripen into probable cause to search a closed container-such as the subject grill, the State failed to prove any such facts here. Contrast Summers, 170 So.3d at 965. At the time the grill was searched, the agents had not' seen the defendant interact with anyone else, had not seen any other people or vehicles in the area when *1024 they arrived, had not seen the defendant holding or discarding any objects, and had not seen the, defendant near ''the grill, much less touching the grill or placing anything into it. Once the agents activated their blue' lights and exited their undercover unit, the defendant remained at the end of the driveway approximately thirty feet from the grill. •
Agent Renfro' testified that the lid of the grill was slightly askew and dew on its handle had been disturbed. The agents admitted, however, that they were aware of other people in the nearby trailers, although they did not see them. At the motion to suppress hearing, when asked what made him think there may be weapons, contraband, or narcotics in the área, Agent Renfro responded, “Because of the — the área is a high crime area. We found several things before.” The agents’ knowledge of the area supports their decision to stop and question the defendant relative to a potential crime. However, the agents did not develop probable cause to search the closed grill or to arrest the defehdant until- after the grill was opened.[4] Consequently, the warrantless search, was not justified by the exigent circumstances exception. Contrast State v. Robertson, 14-0612 (La.App. 1 Cir. 11/25/14), 168 So.3d 451, 452-56.[5]
The State .also failed to affirmatively show that the search of the grill was justified under any other exception to the warrant requirement. The drug evidence was not in plain view. No-one consented to the search, and there is no evidence to support a finding that the grill was abandoned such that the officers were justified in opening it. Agents were not responding to an emergency, nor were they in hot pursuit of a fleeing felon. Finally, the drugs were not seized pursuant to an inventory search or a search incident to arrest.[6]
The search of the grill violated the defendant’s constitutional rights and, under the facts presented, warrants application *1025 of the exclusionary rule barring the drug evidence seized as a result of the' illegal search. We therefore reverse the ruling of the trial court and graht the defendant’s motion to suppress, as well as the defendant’s conviction that was dependent-upon the inadmissible- drug evidence. ■ The" habitual offender adjudication and sentence are vacated, and the case is remanded to the trial court for further proceedings.[7]
REVERSED, VACATED, AND REMANDED.
MeDONALD, J. dissents and assigns reasons.

. The defendant was not charged with any crime related to the tom baggies,- and the agents made no attempt to connect the defendant to that suspected drug evidence, but said such findings were common in high-drug areas.

. In Rideau, the officers observed the defendant standing in the street alone in a high-crime area where public intoxication was a recurrent problem and people often carried weapons. When officers flashed their bright lights, the defendant stumbled out of the roadway, leading them to suspect he was intoxicated. Upon exiting their vehicle to investigate, the defendant acted nervous, would not answer questions, and began to back away. One officer patted down the defendant's outer clothing and felt a firearm in his front pocket. The defendant was convicted of possession of a firearm by a convicted felon. Rideau, 969 F.2d at 1573. The en banc court recognized that officers are not justified in frisking anyone they encounter on the street at night in a high-crime neighborhood, but "the reality [is] that the setting in which the police officer acts may reasonably and significantly affect his decisional calculus.” See Rideau, 969 F.2d at 1575-76. The court concluded that "[t]he .minimally intrusive action that [the officer] took to ensure his safety and that of his partner was not a violation of [the defendant’s] constitutional rights. The Fourth Amendment does not require police to allow a suspect to draw first.” Rideau, 969 F.2d at 1576.

. The protection against unreasonable searches and seizures extends to the curtilage of a home. See Oliver v. United States, 466 U.S. 170, 180, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214 (1984); State v. Brisban, 00-3437 (La.2/26/02), 809 So.2d 923, 928. Curtilage is .that area immediately surrounding and associated with the home, to which the intimate activity associated with the sanctity of a man’s home and the privacies of life extend, and is therefore considered part of the home itself. Oliver, 466 U.S. at 180, 104 S.Ct. at 1742; Brisban, 809 So.2d at 928. Although the subject grill was located on a driveway, and driveways have sometimes been found to fall outside the curtilage of particular homes, in this case, the grill was located orfly five feet from the trailer’s front door. The testimony at trial established that the area was used for cooking, as if it were a porch. Compare United States v. Houston, 965 F.Supp.2d 855, 897 (E.D.Tenn.2013) (finding the’ area next to a mobile home curtilage, despite only the proximity factor supporting such a finding); contrast United States v. Thomas, 120 F.3d 564, 571-72 (5th Cir.1997), cert. denied sub nom. Harmon v. United States, 522 U.S. 1061, 118 S.Ct. 721, 139 L.Ed.2d 660 (1998), and cert. denied, 522 U.S. 1061, 118 S.Ct. 721, 139 L.Ed.2d 660 (1998); Krause v. Penny, 837 F.2d 595, 597 (2nd Cir.1988); Commonwealth v. Simmen, 58 A.3d 811, 815-16 (Pa.Super.Ct.2012). The subject grill was located . sufficiently close to the front entrance of the trailer to- support both a subjectively and an objectively reasonable expectation of privacy.

. In the recent case of State v. Summers, 15-1363 (La.7/29/15), 170 So.3d 960, 964, police followed a person who they believed, based upon objective articulable facts, had been involved in a hand-to-hand drug transaction, and saw him "join up with the defendant,” who was holding a paper bag that appeared to contain a canned drink. When the defen- . dant saw the police approaching,, he went onto a nearby porch, set the,bag down, then returned. Summers, 170 So.3d at 962. The supreme .court found that the police had probable cause based upon them observing the hand-to-hand transaction, watching the suspect join up vrfth the defendant, seeing the defendant holding an apparent can in a bag, then seeing the defendant leave the bag on a porch upon noticing them. Summers, 170 So.3d at 963. That probable cause, combined with the exigency of securing and preserving the likely drug evidence, justified the police in entering the porch and searching the bag. Summers, 170 So.3d at 963.

. In Robertson, the défendant was observed standing near a vehicle in the parking lot of an abandoned building at night in a high crime area, appeared startled by police presence, then fled, all of which amounted to reasonable suspicion to justify an investigatory stop. The defendant continued running after the policeman shouted "stop, police, stop,” which ripened into probable cause to arrest the defendant for resisting an officer. This court found that the police were justified in conducting a warrantless search of the yard where the defendant had momentarily disappeared during the chase. The officers’ belief that the defendant had disposed of something in the area was reasonable based upon the defendant's actions, and the presence of many bystanders in the area created exigencies which justified the warrantless search, which resulted in a gun being found lying in the open on the ground. Robertson, 168 So.3d at 453-56.

.Notably, a search incident to arrest is also limited in scope. See State v. Surtain, 09-1835 (La.3/16/10), 31 So.3d 1037.

. On appeal, in addition to challenging the trial court’s ruling on the motion to suppress, the defendant has challenged the sufficiency of the evidence, specifically arguing that someone else could have put the drugs in, the grill. However, the jury reasonably rejected that defense at trial. Contrast State v. Robertson, 14-0945 (La.6/30/15), 172 So.3d 616, 618. Further, the entirety of the evidence, both the admissible and inadmissible, was sufficient to support the defendant’s conviction. See State v. Hearold, 603 So.2d 731, 734 (La.1992). Accordingly, the defendant is not entitled to an acquittal.