# Supreme Court of Louisiana

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY PER CURIAM**:

2015-K-2144      STATE OF LOUISIANA v. JOSEPH MICHAEL MOULTRIE (Parish of Terrebonne)

Accordingly, we reverse the court of appeal's ruling and remand for consideration of defendant's claim that the evidence is insufficient to support the conviction.
REVERSED AND REMANDED

WEIMER, J., recused.
HUGHES, J., dissents for the reasons given by the court of appeal.
CRICHTON, J., additionally concurs and assigns reasons.
GENOVESE, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2015-K-2144

STATE OF LOUISIANA

VERSUS

JOSEPH MICHAEL MOULTRIE

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE

**PER CURIAM**

Defendant was found guilty as charged of possession with intent to distribute cocaine, La.R.S. 40:967(A), based on approximately two ounces of crack cocaine found by officers in a barbeque grill in a driveway between two trailers, one of which belonged to defendant's mother. Officers noticed defendant standing in the street in front of the trailer at approximately 11 p.m. in a high crime neighborhood. Defendant quickly retreated out of view into the driveway when he saw the officers before returning to the street. One officer approached defendant while two others entered the driveway to see if defendant had discarded drugs or a weapon. They noticed that there were torn baggies on the ground that appeared to have cocaine and marijuana residue. At the end of the driveway farthest from the street, one officer also noticed a grill whose lid was slightly askew with dew that had been disturbed on the handle. Inside the grill was the large quantity of cocaine.

When arrested, defendant claimed he lived in the trailer, the grill belonged to his family, and he disavowed any knowledge of the cocaine but said there was nothing the officers "could do about it" because the cocaine was found on his property. At trial, defendant's sister testified that their mother lives in the trailer (and she gave a street address for the trailer that was not the same as that provided by defendant earlier) but defendant does not live with their mother although he

does visit her. Defendant's sister also testified that their mother owns a barbeque grill, which she moves to various locations on the property as she uses it but she does not normally place where this grill was described to have been.

On appeal, defendant contended the district court erred in denying his motion to suppress and that the evidence was insufficient to support the conviction. At the outset, the court of appeal correctly noted that, in reviewing a trial court's ruling on a motion to suppress, the reviewing court looks to the totality of the evidence presented at the motion to suppress hearing and the trial. *See State v. Burkhalter*, 428 So.2d 449, 455 (La. 1983) (citing *State v. West*, 408 So.2d 1302, 1307 (La. 1982)). The court of appeal also found that the officers had reasonable suspicion to stop and question the defendant based on his location, the hour, the reputation of the neighborhood, and his reaction when he saw the officers. The court of appeal determined, however, that the search inside the grill was beyond the permissible scope of a protective search for weapons that might be used to harm them. *See State v. Moultrie*, 14-1535, pp. 5–8 (La. App. 3 Cir. 10/23/15), 182 So.3d 1017, 1022–23. The dissent, in contrast, found no basis to suppress the evidence because, among other reasons, defendant had no reasonable expectation of privacy in the grill. *See id.*, 14-1535, p.2, 182 So.3d at 1025–26 (McDonald, J., dissenting). After examining the totality of the evidence presented at the motion to suppress hearing and the trial, we agree with the dissenting judge's determination.

The Fourth Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. A warrantless search is per-se unreasonable unless the state can show it falls within one of the limited and well-delineated exceptions to the warrant requirement. *State v. Hernandez*, 410 So.2d 1381, 1383 (La. 1982) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971));

*State v. Zito*, 406 So.2d 167, 168 (La. 1981). A limited search incident to an investigatory stop is one such exception. *Minnesota v. Dickerson*, 508 U.S. 366, 373, 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334 (1993).

La. Const. art. I, § 5 extends standing to "[a]ny person adversely affected" by an invalid search or seizure to raise its illegality. However, the protection is not unqualified, because La. Const. art. I, § 5 also presupposes that "there must be an invasion of someone's rights to privacy before there can be an unreasonable search." *State v. Perry*, 502 So.2d 543, 558 (La. 1986). The test of whether and when an intrusion on privacy rights occurs as a matter of the Louisiana constitution is identical to the Fourth Amendment standard, i.e. the person must possess an objectively reasonable expectation of privacy in the area. *Perry*, 502 So.2d at 558; *State v. Ragsdale*, 381 So.2d 492, 497 (La. 1980) ("The test for determining whether one has a reasonable expectation of privacy is not only whether the person had an actual or subjective expectation of privacy, but also whether that expectation is of a type which society at large is prepared to recognize as being reasonable.").

Although the state ultimately bears the burden of establishing the validity of a warrantless search, in challenging the search a defendant bears an initial threshold burden of showing that he had a reasonable expectation of privacy in the premises. *See, e.g., United States v. Salvucci*, 448 U.S. 83, 95, 100 S.Ct. 2547, 2555, 65 L.Ed.2d 619 (1980). Defendant thus was in the difficult position of having to both distance himself from the barbeque grill, if he hoped to be found not guilty of possession of the cocaine found inside it, and tie himself more closely to the grill, if he hoped to obtain a favorable ruling on the motion to suppress. Trying to do both, he succeeded at neither.

As noted by the dissent in the court below, the ownership of the grill was never established. *See Moultrie*, 14-1535, pp. 3–4, 182 So.3d at 1026–27 (McDonald, J., dissenting). It was never seized as evidence and never identified from any photograph as the grill belonging to defendant's mother. Although defendant's sister testified that her mother used *a grill,* her testimony did not establish that *the grill* in which the drugs were found belonged to defendant's mother. Defense counsel, in fact, argued in closing that the state never proved who owned the barbeque grill or on whose property it sat. Because defendant failed at the threshold to make a showing of any reasonable expectation of privacy in the barbeque grill, the inquiry ends. Accordingly, we reverse the court of appeal's ruling and remand for consideration of defendant's claim that the evidence is insufficient to support the conviction.[1]

**REVERSED AND REMANDED**

---

[1] When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992). The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

**SUPREME COURT OF LOUISIANA**

**No. 2015-K-2144**

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH MICHAEL MOULTRIE**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE**

**Hughes, J., dissenting.**

I respectfully dissent for the reasons given by the court of appeal.

SUPREME COURT OF LOUISIANA

No. 2015-K-2144

STATE OF LOUISIANA

VERSUS

JOSEPH MICHAEL MOULTRIE

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE

**CRICHTON, J., additionally concurs and assigns reasons:**

I agree with the per curiam's conclusion that the defendant failed to establish any reasonable expectation of privacy in the barbeque grill, and therefore the search inside the grill was within the scope of a permissible search for weapons that might be used to harm law enforcement. I write separately to emphasize the paramount importance of officer safety in exigent situations such as these. Here, the officers encountered the defendant at a late hour in a known high-crime area, and observed the drugs and related paraphernalia on the ground near defendant. The barbecue grill, which the officers observed had its lid askew and the dew on the handle disturbed, could have been used to destroy evidence or conceal a gun. As a result, in my view, the officers were justified in searching the grill to secure their safety during this rapid encounter with defendant. *See Warden, Maryland Penitentiary v. Bennie Joe Hayden,* 387 U.S. 294, 299, 87S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967) (Court finding warrantless home entry and subsequent search for a robber reasonable, as the "exigencies of the situation made that course imperative," (quoting *McDonald v. United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153) and finding that "[t]he Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others." ). As the U.S. Supreme Court held in

*Terry v. Ohio*, "[w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." 391 U.S. 1, 24, 99 S.Ct. 1868, 1882, 20 L.Ed.2d 889 (1968).

# SUPREME COURT OF LOUISIANA

# No.  2015-K-2144

# STATE OF LOUISIANA

# VERSUS

# JOSEPH MICHAEL MOULTRIE

# ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE

**GENOVESE, J., dissents.**

I dissent for the reasons assigned by the court of appeal.