ON WRIT OF CERTIORARI TO THE COURT OF APPEAL FIRST CIRCUIT, PARISH OF LAFOURCHE PER CURIAM 11 Writ granted. Defendant, convicted of aggravated rape and aggravated incest, contended by application for post-conviction relief that trial counsel provided ineffective assistance by failing to cross-examine the victims, defendant’s daughters, whose videotaped statements were introduced at trial without live testimony (among other claims). The district court denied relief after conducting an evidentia-ry hearing at which trial counsel testified. The court of appeal granted writs in part because it found that defendant’s right to confrontation was violated because the state did not afford defendant an opportunity to exercise his right of cross-examination against the victims, who the court of appeal determined were unavailable, making their videotaped statements inadmissible under La.R.S. 15:440.5. Thus, the court concluded that defense counsel performed deficiently by failing to object to the unavailability of these witnesses, resulting in prejudice “where [defendant’s] right of confrontation was violated.” State v. Thibodeaux, 15-1823 (La. App. 1 Cir. 4/26/16) (unpub’d). Accordingly, the court of appeal ordered a new trial. The court of appeal erred. |2Pefendant did not raise a standalone confrontation violation claim in his application for post-conviction relief and R.S. 15:440.5 is not unconstitutional on its face. Therefore, a reviewing court would generally refrain from addressing an issue not raised in the district court. See State v. Kennedy, 05-1981, p. 24 (La. 5/22/07), 957 So.2d 757, 775, rev’d on other grounds, 554 U.S. 407, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008); see also Segura v. Frank, 93-1271 (La. 1/14/94), 630 So.2d 714, 725 (“[A]ppel-late courts will not consider issues raised for the first time” in appellate court). Regardless, defendant made no showing at the evidentiary hearing that the child victims were unavailable to testify at trial, see R.S. 15:440.5(A)(8), and he impermissibly sought to shift his post-conviction burden of proof to the state by asserting that the state failed to demonstrate these witnesses’ availability vel non to testify. See La.C.Cr.P. art. 930.2. The district court properly evaluated defendant’s ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finding that defense counsel’s failure to cross-examine the child victims constituted deficient performance under the first prong of Strickland, the district court correctly concluded that defendant failed to prove resultant prejudice because he made no showing that the children’s testimony would have been different if called to testify at trial. Defendant argues in opposition that prejudice can be presumed under United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984), for defense counsel’s failure to subject the state’s case to “meaningful adversarial testing.” However, defense counsel vigorously cross-examined the case detective and forensic interviewer while also highlighting in closing arguments the significant discrepancies in the victims’ 2007 and 2009 interviews. Given these specific facts and defendant’s failure to show how the victims might have testified differently at trial or responded to cross-] .¡examination, we grant the application, reverse the court of appeal in part, and reinstate the district court’s ruling denying the application for post-conviction relief. WEIMER, J., recused. HUGHES, J., concurs in the result.