WEIMER, J., recused.
CRICHTON, J., would grant and assigns reasons.
GENOVESE, J., would grant and assigns reasons.
This case involves the concept of constructive possession of narcotics to support a conviction at trial. Here, the defendant was inarguably not in physical possession of the narcotics at issue; thus, the state had to prove that the defendant had constructive possession. That is, the state had to prove beyond a reasonable doubt that the defendant exercised "dominion and control" over the narcotics. See State v. Trahan , 425 So.2d 1222, 1226 (La. 1983). The fact that a defendant had physical presence in an area of the contraband is found does not prove he exercised "dominion and control" over that contraband. State v. Toups , 01-1875 (La. 10/15/02), 833 So.2d 910, 913. For the reasons assigned by Judge Holdridge in his dissent, I question whether the evidence in this case establishes constructive possession under these well-established standards, and I would grant the writ to examine whether the evidence was sufficient to support the conviction.[1]
*1253 would grant for the reasons assigned by Judge Holdridge and additionally avers: there was no evidence that defendant was in possession of any drugs, drug paraphernalia, any large sum of money, or any evidence associated with drug use or trafficking; there was no proof or connection between defendant and the cocaine found in the BBQ grill; the BBQ grill was not defendant's grill; the grill where the drugs were found was not seized as evidence, nor identified from any photograph at trial; defendant did not live on the property where the grill was located; and, there were no witnesses to this event. At best, this is a circumstantial evidence case. In circumstantial evidence cases, La.R.S. 15:438 requires the State to exclude every reasonable hypothesis of innocence. This, I find, the State failed to do.

This is not inconsistent with this Court's per curiam in State v. Moultrie , 15-2144 (La. 6/29/17), 224 So.3d 349. At that stage, the Court was examining the validity of a warrantless search, and found there was no reasonable expectation of privacy in the grill at issue. This writ is not concerned with the Fourth Amendment standards for a warrantless search, but rather with whether there was sufficient evidence to support defendant's conviction under Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standards for the analyses are entirely different.